21-1032. And counsel for, you'll just stay right where you are. You'll proceed from the appellees table. May it please the court, Thomas D. Shanahan of Thomas D. Shanahan PC. Again, good morning, your honors. I'm here appealing the order of Judge Stein, which denied our finding of the defendants in the case being a prevailing party against the plaintiff. This case involved a plaintiff who sued my client seeking $8 million in damages, alleged he was a part-time doorman that had worked for my clients for a few months. Again, we had the same issues in this case as we had in the prior case. We had discovery problems involving Dr. Siegel, involving disclosure of evidence, involving differentials on fee charges for the experts. All the same facts that were present in the Eastside Club case were also present in this case, and these cases were happening simultaneously. We had made a Rule 68 offer in March, almost a year before trial, for $50,000 to the plaintiff. He declined that offer. That offer was made to pay creditors, child support liens and other liens that were outstanding at that time. What was that about? I mean, that's an unusual structure, and I gather the district judge just didn't think it was on the level. Well, he didn't, and that's part of the appeal, but during discovery, although the plaintiff had initially denied it, we located and found certified liens from the child support office here in New York County. We found other tax liens that were outstanding with the state of New York, and so what we said was we'll give the $50,000 Rule 68 offer to the creditors that we know that are outstanding and exist. The offer was rejected. Why? I mean, why was it structured that way? Well, my point of view and our point of view was that if we have a plaintiff who is litigating in court and we know he has the child support liens and other tax liens that are outstanding, that paying that money to that plaintiff, who in this case, and this is relevant, admitted that he had not filed or could not remember the last time he filed or paid taxes in his adult life, we should give notice to the judgment creditors first. That's how I looked at it, because I think... Well, that's giving notice to the judgment creditors, right? When you receive notice of a lien, you give notice that you're making the payment, but it sounded like your offer was not to give it to plaintiff with notice to the judgment creditors. It was to... You're correct. Did you know that the number that he owed on those liens was more than $50,000? No, I did not know that, but the liens were more than 10 years old. So I felt it was a prudent thing at that time. We did refile the Rule 68. One month later, we offered $50,000 directly to the plaintiff and to his counsel. That was also rejected. We went to trial. In this case, their demand going into trial was $300,000. We wound up going to a jury verdict. The jury awarded $6,500 to the plaintiff. We then subsequently made our application for attorney's fees, and we believe... And the verdict sheet is in the appendix at A346 and A347, that at the time... If you look at the verdict sheet, the case began with 11 causes of action and four defendants. By the time the trial was over, it was four causes of action and two defendants. One defendant, Mr. Grumman, was found... The jury found guilty on two charges, but on all the others, the jury was not guilty as to the townhouse and as to findings about whether or not he was subjected to sexual orientation or other discrimination. So they chose to go to trial on this case. They didn't accept the Rule 68 offer, and I believe under the case law that I cite in my brief that given the discovery issues and the abuse that went on here, Mr. Cooper was not a good faith litigant in the sense of a civil rights litigant pursuing a claim in good faith, and that... I'm now a little confused. Forgive me, and maybe you can shed some light on this for me. Sure. I thought that this matter that's before us, this particular case, 1032, involved exclusively the issue of whether Judge Stein was correct when he said that the April 23, 2019, Rule 68 offer of judgment was effective, but that the March 23, 2019, Rule 68 offer of judgment was not effective. That issue is before the court, but also... Is there some other issue that I need to think about? Yes, the other issue is whether or not the defendants were the prevailing party for purposes of the fee shifting. We made a post-trial application for fees because they did not accept the $50,000 April offer of judgment. They went to trial. They received $6,500 from the jury on two counts out of a number of counts. The corporate defendant that went to trial was found not guilty. Even Mr. Grumman was found not guilty on a number of the charges as it went to trial. You mean not liable? Not liable, not liable. And so, looking at the Christian sin and the other line of cases that I cite in my brief, I believe, we believe, if a good faith civil rights litigant brings an action in court, the facts of this case are different than a situation where you have somebody who came to the court in good faith. The situation in this case involved, as you pointed out earlier, obstruction of discovery again. At the end of the day, normally the American system is not a fee shifting system, right? There has to be a basis. And in civil rights cases, we fee shift in favor of plaintiffs to incentivize the bringing of cases by indigent plaintiffs and other folks who could not otherwise afford to vindicate their rights. Right. And we award fees to defendants in rare cases, that's clear in the case law, to incentivize people not to bring frivolous actions. And I'm having a hard time understanding how the action can be fairly described as frivolous when they prevailed in part. Well, they prevailed in part against one defendant. The reason the case, I think, went to trial was because of the Dr. Segal issue and- That's not answering the question of why is the action writ large? Why is this not a plaintiff in good faith? Why is this a frivolous action? As opposed to an action that was over pled. You know, had too many counts, too many defendants, and they didn't prevail on all of them. But that's different. People lose all the time who are not subject to fee shifting. And we're not, I mean, again, sort of Judge Lohier's question, notwithstanding, sort of try to help us by telling us exactly what you're arguing, but it sounds like you're arguing that this was a frivolous lawsuit by a plaintiff not acting in good faith and as such defendants are entitled to fees generally. Well, the defendants that went to trial that prevailed, for example, upstairs, downstairs of New York, the entity that went to trial and prevailed, not liable, not guilty on the verdict sheet across the board, that entity makes an application for fees as well. Because Mr. Grumman's is not the same legal person, not a legal entity. So what we're saying is, since on the majority of the claims, my clients were found not liable, and as they began the action with 11 causes of action and so many different defendants, and by the time of trial there were so few, that we should be entitled to fees. But that, because that renders the action frivolous, is your claim. Not just that you won more than you lost. No, but in Christensen, let me just, I can on rebuttal address that issue, but I don't think it has to be frivolous. I think beyond frivolous, the action can be vexatious or continued after a point where the attorney or the litigant knew or should have known that the case should have not continued. In 1927. That's correct, that's correct. I want to find the, I'll look for the quote from Christensen, and I'll have it on rebuttal. On section 1987, there, would you agree, maybe for everything here, the standard is abuse of discretion, correct? I agree that it's abuse of discretion, but I do think determining who is a prevailing party is an issue of law. Right. Nothing further. Thank you very much. And you have also reserved some time for rebuttal, so we'll hear from your friend on the other side. May it please the court. My name is Alexander Gabriel Capasiris of the Derrick Smith Law Group. I'm here on behalf of the intervenors, which is the Derrick Smith Law Group and myself, because part of Appellant's application was fees and sanctions against me individually and my firm. I'd like to walk the panel through three points. First is that the plaintiff was the prevailing party for all purposes. Two is that counsel, i.e. me, did not proceed in a vexatious manner whatsoever. And third is that counsel is not jointly liable for a rejected Rule 68 offer. To the first point, your honors, I know my adversary brought up Christensen, and he relies on this case quite extensively in his brief. Christensen, quote, the court held that a district court could in its discretion award attorney's fees to a prevailing defendant. And I'd like to walk you through why defendants are not the prevailing defendant. Look no further than the actual jury verdict, which finds liability against the bad actor, the individual who is harassing my client. It is the law of the land in this circuit that a prevailing party need not succeed on all claims, nor against all defendants, so long as these successful claims are intertwined with the losing claims. And I'd refer your honors to the LeBlanc case I cite. Do we have to deal with this issue? In other words, and again, there's levels of review, but Judge Stein appears, and I don't know if you call it a finding, but you can help me, appears to have found or concluded that the case was not frivolous, was not unreasonable, was not conducted in a vexatious way, and presumably that would be enough. Without separately determining whether a party was a prevailing party or not. Is that right? Yes, your honor. Is that a finding that's subject to clear error review, or is that something else? So the appellants made an application under 42 U.S.C. 1988, which says that the prevailing party may be entitled to fee shifting, as your honors described earlier. So that's why I'm bringing this up, because appellants- That's a first order issue. What I'm asking you is do we have to decide that issue, or can we go right to what appears to me at least to be factual findings, because Judge Stein is there. He has lived with the case, or at least some part of the case, I understand. I think Judge Woods was involved earlier, but he makes the determination that it's not so frivolous, unreasonable, or without foundation as to warrant the award of fees. I agree with you, your honor, and appellants don't even attempt to argue that the matters are not intertwined somehow. They are so clearly intertwined. Yes, we lost the federal claims. It was the same standard at law for hostile work environment on the state claims as it was for the federal. They are intertwined. It's impossible to un-intertwine them, whatever the phrase may be. So I agree with you. That issue is done. That answers my question, but insofar as there is a prevailing party argument, the argument, as I take it, is that under 1988, you would have to prevail against his client, in other words, against the townhouse, is that what it's called, in addition to the individual. Yes, which we prevailed against the individual, who was the bad actor in this case. So appellants now make this argument that things should have been bifurcated before Judge Stein, which was never actually asked before the court. It's not part of this appeal, but they're asking this court to, in retrospect, say that Judge Stein should have somehow bifurcated. Again, it's impossible based off the LeBlanc case because the matters were intertwined. And it's unnecessary given, again, the definition of a prevailing party is if you win against one of the defendants, even for a nominal sum, as the LeBlanc case holds. Let's just hypothetically posit the following. Suppose that during the trial, there was virtually no evidence admitted against Client X, and all of the evidence was admitted against Client Y, and so Client X prevails or doesn't lose, and Client Y is found liable. But there's literally no evidence that was brought in against the first client. Just as a matter of fairness, separate and apart from the particular requirements of Section 1988, does it make sense to assess attorney's fees against Client X, as to whom there was no evidence? Well, Your Honor, I think this hypothetical would hopefully Client X would have moved for summary judgment and gotten out because the record would have shown, hey, there's no evidence against us. If they do go forward. I love your answer. Stick with my answer. I understand, Your Honor. Sorry. If they do go forward, then it would be on defendants to show, hey, these claims are not intertwined. This is something completely different, and therefore, we should get our fees under 1988, based off the work we've done for this separate cause of action. If there is overlap, the case law suggests that we are the prevailing party for purposes of fees under 1988. So it really is a fact-intensive inquiry into what claims are being brought. If somehow, again, in this hypothetical, X goes forward and it is all the same causes of action, yet there is no evidence against that, that would still entitle the prevailing party to fees, having been successful against Y. I'd also like to point out the supervisory liability statute in the New York City Administrative Code. This is Title 8-10713B, in which supervisors, their behavior, owners, their behavior, is imputed onto the employer. So the employer is liable for this judgment. We would go after this employer, and we will when we go to enforce this judgment. They are liable under the New York City Administrative Code, so they are also liable. The second point, Your Honors, is I did not bring this matter vexatiously. My firm should not be subject to fees under 29 U.S.C. 1927. This court held in Enmomb v. Prospect Capital Corp., that is 675 Federal Reporter 3rd Series at 143, excuse me, 2012, that to impose sanctions under 1927, a court must find clear evidence that the offending party's claims were entirely meritless, and the party acted with an improper purpose. This case can't be entirely meritless. It's impossible on its face. Plaintiff won. This case cannot be vexatious. Plaintiff won. I'd like to draw your attention to counsel's own admission and his submissions to the court. Counsel Shanahan tells the court, quote, we never argued this matter was frivolous. Then Shanahan tells the court the defendant Grumman's did, in fact, subject Plaintiff to sexual harassment. That's on page 22 of their brief. He goes on to say on page 24 that defendants recognized the recording of Grumman's was unlawful. How could this possibly be brought in a vexatious, bad faith, meritless manner, whatever you want to describe it as, when we won and defendants own admission says it had merit. He raises a number of issues with, excuse me, the expert Dr. Siegel. Immaterial statements given or not given to an expert would not form the basis for a sanction to a victorious party under Rule 1927. Everything counsel brings up is great fodder for cross-examination, possible impeachment evidence. But that's it. It is not anything more than that. And the classification that it is is simply misplaced. And briefly, Your Honors, my third and final point is to this Rule 68 offer of judgment. As I pointed out to counsel in the March Rule 68 offer of judgment, the plaintiff couldn't accept a Rule 68 made out to somebody else. A Rule 68 offer of judgment, defendant is taking judgment to pay somebody. They'd be taking judgment to pay against somebody else. So it was defective on its face. And in any event, to hold a firm, an attorney liable for a plaintiff's rejection of a Rule 68 offer is absurd. The chilling effect that would have on litigants in federal court would be significant. That's the application before the court. And I think Judge Stein's order was- What's just the difference in just the amount between March 23rd and April 23rd? It was the same amount, Your Honor. Yeah, it was $50,000. No, no, no, no, but in terms of costs and fees and so on. Your Honor, I don't have that exact calculation, but no more than a month. Okay. I'll reserve my time. Thank you. Thank you very much. Your Honors, earlier it was pointed out Judge Wood oversaw discovery in this case, pretrial. We were sent to Judge Stein for purposes of trial. I think it's of critical import in this case and the last case that we look at what went on during discovery. The fact that the expert used, and they relied on this expert to go to trial. This was their expert. It was their expert in 177 cases in three years. His brother-in-law was then the managing partner of the Derrick Smith Law Group. This is an expert who had his deposition- Did you move to preclude him? We did move to preclude him. Okay, and so you lost that motion. Right. And how does that affect the question of who's the prevailing party? I think, number one, even Mr. Grumman, who the jury awarded $6,500 against, if you break out the $50,000 amongst the four defendants, the Rule 68 offer in April would have been $12,500 to Mr. Grumman. But that doesn't have anything to do with Dr. Siegel. Well, no, but it has to do with him being a prevailing party or not. I think it's relevant because even his share, if you will, of the Rule 68 from April before would have far exceeded or almost doubled what the jury awarded in total. And so I do think it's relevant, and I do think it's important that this case went to this trial, and my clients had to- Look, if this was a normal run-of-the-mill case with an expert that had no familiar relationship with the firm who didn't work for the Derrick Smith Law Group on a fixed rate, who didn't have 177 cases with them and never looked at medical records or any kind of records, I wouldn't be making this application. I would not be here. The reality of this case is this plaintiff went into this expert, who was their in-house expert, who they paid, he did not pay. He told that expert, I worked at J.P. Morgan Chase. That's not true. He told that expert a lot of things to just buff up the value of the case and proceed to trial. And so, look, if someone's acting in good faith, if someone hires an expert that actually reviews medical records and conducts the other due diligence that we expect, I think, again, this application would not be appropriate. But when you look at the totality of these circumstances pre-trial, and the application to try and obstruct my deposition of that expert by charging my firm $3,850 as initial retainer, $650 an hour, when they paid him, it's in the testimony, $750 on a flat rate, and Judge Stein reimbursed them for that rate and didn't reimburse my clients for our experts, I think it's fundamentally unfair. Judge Stein's reasoning in denying our application was, we don't want to have a chilling effect on good faith litigants. We want to protect good faith litigants who come to the court with their civil rights actions. The history in this case and the documented pre-trial procedures show that this was not a run-of-the-mill case, and I don't think it was brought in good faith. I don't think it was reasonable to push it to trial. And as Judge Fayala said in her decision... Judge Fayala. Fayala, excuse me. In the Eastside Club case, without the problematic discovery and without having in-house experts who don't look at records, that case would have never gotten to the point of almost picking the jury. And the same is true in this case. And defendants like my clients, small business people, shouldn't have to expend the kinds of resources we expended because their demands forced the case to trial, $8 million, and then the pre-trial demand, $300,000. May I ask you a question? Yes. So I saw somewhere in your brief that you seemed to acknowledge that the lawsuit was not frivolous given some of the evidence. The audio tape, and yes, we've always conceded that. We conceded that one year before the trial. All right. So I infer from that, although maybe we have different views of what inferring means, that you're relying on something else for us to assign error? In other words, that the other side was engaging vexatious- Prolonged the litigation by using their own in-house experts and other- So that's the reason. And would you agree, and I'm sorry to belabor this, but would you agree that that is a finding that's subject to clear air review? Yes, I do. I do agree with you on that. All right. And do you agree that whether it's Judge Woods or Judge Stein, they spent a lot more time on this, and this issue of vexatious litigation is really something that takes a lot of time to determine and it's a little harder for us to determine on the court record. I don't disagree. I don't disagree. So thank you very much. We'll reserve the decision.